<u>**NOT FOR PUBLICATION**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RICHARD A., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Commissioner. | Civil No. 21-1871 (KMW) |

Appearances:

Richard Lowell Frankel, Esq.
          Counsel for Plaintiff Richard A.

Stuart Weiss, Esq.
Social Security Administration – Office of the General Counsel
          Counsel for Defendant Commissioner of Social Security

**WILLIAMS**, District Judge

<u>**OPINION**</u>

**I. INTRODUCTION**

This matter comes before this Court pursuant to 42 U.S.C. § 405(g) for review of the final

decision of the Commissioner of the Social Security Administration ("Commissioner") denying

Plaintiff Richard A.'s ("Plaintiff") Title II application for a period of disability and disability

benefits and Title XVI application for supplemental security income. Plaintiff, who suffers from

obesity, degenerative disc disease, osteoarthritis status post right upper extremity shoulder

superior labral tear, obstructive sleep apnea, right carpal tunnel syndrome, lumbar radiculopathy,

and generalized anxiety and intermittent explosive disorders, seeks benefits for the period

beginning on January 5, 2016, the alleged onset date of disability. The Administrative Law Judge John Campbell ("ALJ") issued a written unfavorable decision on January 28, 2020.

In the pending appeal, Plaintiff outlines two issues for the Court's consideration: (1) whether the ALJ erred in his treatment of the medical opinion evidence of record; and (2) whether the ALJ erred in finding Plaintiff's mental health impairments non-severe at step two and further compounded the error by failing to incorporate limitations consistent with the same in the Residual Functional Capacity ("RFC"). Pl.'s Br. [ECF No. 11], 1-2. For the reasons stated below, the Court will affirm.

## II. BACKGROUND

### A. Procedural History

Plaintiff filed an application for a period of disability and social security disability benefits on January 13, 2018, and an application for supplemental security income on December 19, 2017. Administrative Record (hereinafter "A.R.") [ECF No. 6] 15. Both applications alleged an onset date of January 5, 2016. A.R. 15. Plaintiff's claims were initially denied on May 15, 2018, and upon reconsideration on September 5, 2018. A.R. 15. Plaintiff requested a hearing and, as such, appeared and testified before the ALJ on November 22, 2019. A.R. 15. The ALJ issued a decision on January 28, 2020, denying Plaintiff benefits. A.R. 12-14. On December 1, 2020, the Appeals Council denied Plaintiff's request for review. A.R. 1-3. This appeal timely follows.

### B. Factual & Medical History

Plaintiff was 41 years of age at the time of the alleged onset date. A.R. 96. Plaintiff completed high school and worked as a computer assisted drafter, civil drafter. A.R. 33.

2

Several medical conditions impact Plaintiff physically: obesity, degenerative disc disease, osteoarthritis status post right upper extremity shoulder superior labral tear, obstructive sleep apnea, right carpal tunnel syndrome, and lumbar radiculopathy. A.R. 18. However, the Court's recitation of facts will focus on the conditions relevant to the issues raised for the Court's review – Plaintiff's mental health impairments, generalized anxiety disorder and intermittent explosive disorder. On July 5, 2018, Plaintiff's primary care physician at Cooper University Hospital noted that Plaintiff presented with anger issues. A.R. 728. Plaintiff told his doctor that he has always been a calm person "but recently has become more angry easily." A.R. 728. Plaintiff also reported difficulty calming himself down and stress due to chronic back pain, dealing with social security, and finances. A.R. 728. Plaintiff denied depression or suicidal or homicidal thoughts. A.R. 728. The treatment notes reflect that Plaintiff was alert and oriented to person, place, and time, similar to past medical visits. A.R. 728; *see also* A.R. 514, 526, 536, 545, 558, 569-70, 580 (outlining a history of Plaintiff being alert and oriented to person, place, and time). The treatment notes also reflect that while Plaintiff seemed anxious and agitated, his affect was not blunt, flat, or inappropriate. A.R. 731. During that visit, Plaintiff was referred for a consult with Cooper psychiatry. A.R. 732. The record does not reflect that Plaintiff ever presented for the consultation with Cooper psychiatry.

More than a year later, on August 20, 2019, Plaintiff attended an intake visit with Adam Bidas, LAC, and Kathleen Hawkins, BA, MSW, LCSW, at Total Family Solutions, LLC ("TFS"). Plaintiff was diagnosed with generalized anxiety disorder and intermittent explosive disorder. A.R. 800. The intake record noted Plaintiff's struggles with anger and his desire to sometimes destroy and break things. A.R. 800. During the visit, Plaintiff did not report a prior

3

history of therapy and sought the ability to reduce his anger and anxiety. A.R. 801. The TFS

providers found that Plaintiff was appropriate for TFS's services and expected treatment to last

for six to nine months. A.R. 802.

After about three months of treating Plaintiff, Bidas completed a Mental Impairment

Medical Source Statement ("MSS") dated November 25, 2019. A.R. 853. The MSS indicates that

Plaintiff consistently attended therapy since enrolling in August 2019. A.R. 853. The MSS

further provided that Plaintiff was not taking medication relating to his diagnosis because TFS

does not provide medication management. A.R. 853. The MSS outlined Plaintiff's symptoms,

noting that Plaintiff's impairments could be expected to last at least 12 months. A.R. 854. Several

findings in terms of Plaintiff's ability to perform particular jobs were outlined in the MSS. A.R.

855. First, it noted that Plaintiff would be unable to interact appropriately with the general public

or maintain socially appropriate behavior. A.R. 855. Second, Plaintiff's ability to adhere to basic

standards of neatness and cleanliness, travel to unfamiliar places, and to use public transportation

was found to be "limited but satisfactory." A.R. 855. In a separate section, the MSS also

provided that Plaintiff has extreme difficulty interacting with others; moderate difficulty in

understanding, remembering, or applying information; marked deficiencies in concentration,

persistence, or pace; and no difficulty in adapting or managing himself. A.R. 856. There is no

written explanation following this section of the MSS. A.R. 856. There are no other treatment

notes from TFS.

**C. Hearing Testimony**

At the administrative hearing on November 22, 2019, Plaintiff was represented by

counsel and testified. A.R. 40-41. The ALJ heard testimony from Louis Szollosy, an impartial

vocational expert ("VE"). A.R. 53-60. Plaintiff testified that he lives in a rented apartment with his girlfriend. A.R. 49-50. Plaintiff has children but does not see them often. A.R. 50. Plaintiff is a high school graduate and studied computer aided drafting at a technical school. A.R. 51. Plaintiff testified to having pain in various parts of his body, especially in his back, and anxiety. A.R. 55-56. Regarding his anxiety, Plaintiff stated that he started therapy at TFS a little over a month before the hearing. A.R. 57. Plaintiff testified about having bad concentration and anger – a build-up of emotion – which he started experiencing in the "last years." A.R. 57, 62. When Plaintiff feels short-tempered, he locks himself away because he does not want to be around other people. A.R. 57. This happens about two times per week and could last all day or for up to three days. A.R. 57-58. Plaintiff does not feel like he will hurt himself or others but feels like breaking things to let out frustration. A.R. 63-64. Plaintiff is not taking any medication for anxiety. A.R. 58.

One of Plaintiff's notable daily activities is babysitting his one-year-old grandson (Plaintiff's girlfriend's grandchild who he regards as his own) Monday through Friday. A.R. 65. Plaintiff tries to take his grandson to the park a block away from his home, but Plaintiff testified that it is getting harder to do so. A.R. 65. Plaintiff tries to do "things" to keep his grandson occupied, recognizing that the toddler needs a lot of entertainment. A.R. 66. Plaintiff does not pick his grandson up, but he does make him simple meals – chicken nuggets, hot dogs, or grilled cheese. A.R. 66. Plaintiff does not handle many chores around the house, leaving the same to his girlfriend. A.R. 68. Plaintiff will make iced tea or sometimes take the trash out since it has wheels. A.R. 68.

**D. ALJ Decision**

In a written decision dated January 28, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act at any time from January 5, 2016, through the date of the decision. A.R. 16. Using the five-step sequential evaluation process, the ALJ determined at step one that Plaintiff had not engaged in any substantial gainful activity since January 5, 2016. A.R. 18. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, degenerative disc disease, osteoarthritis status post right upper extremity shoulder superior labral tear, obstructive sleep apnea, right carpal tunnel syndrome, and lumbar radiculopathy. A.R. 18.

Next, at step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, meet or equal the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. A.R. 20. The ALJ found that Plaintiff failed to meet the necessary requirements for listings 1.02 and 1.04. A.R. 20-21.

Next, the ALJ determined that Plaintiff had the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant is limited to occasionally climb ramps, stairs, ropes, ladders, and scaffolds, balancing, stooping, kneeling, crouching, and crawling . He is limited to no more than frequently reaching in all directions and fingering and handling with the bilateral upper extremities. The claimant must avoid concentrated exposure to dusts, gases, odors, fumes, pulmonary irritants, and poor ventilation.

A.R. 21. In the analysis of Plaintiff's ability to perform sedentary work, the ALJ referenced and considered record evidence regarding Plaintiff's physical and mental health impairments. Regarding the mental impairments, although the ALJ noted that the medical evidence of record confirmed a history of mental impairments, the ALJ found that it did not reveal evidence of frequent visits to the emergency department due to psychiatric symptoms, frequent and regular

sessions of psychotherapy, frequent or extended psychiatric hospitalizations, or the use of

psychotropic medications. A.R. 23, 33. Regarding the degree of limitation in the four areas of

mental functioning set out in the disability regulations for evaluating mental disorders, the ALJ

found: "no limitation in understanding, remembering, or applying information; a mild limitation

in interacting with others; no limitation in concentrating, persisting, or maintaining pace; and a

mild limitation in adapting or managing oneself." A.R. 33.

The ALJ found the opinions of Bidas and Hawkins less than persuasive. A.R. 18-19. The

ALJ noted that Hawkins's opinions were inconsistent with the medical evidence of record, which

did not reveal evidence of the use of psychotropic medication, frequent or regular psychotherapy

sessions, or hospitalizations. A.R. 18. The ALJ noted that Bidas failed to explain why Plaintiff

has marked or extreme deficits noted on the pre-printed form and Plaintiff's treatment history

does not support the assessment. A.R. 19. The ALJ also found that Bidas had only been treating

Plaintiff for three months – not long before the hearing – when Bidas completed his assessment

of Plaintiff. A.R. 19.

At step four, the ALJ found that Plaintiff is "capable of performing past relevant work as

a computer assisted drafter, civil drafter, because the work does not require the performance of

work-related activities precluded by the claimant's residual functional capacity." A.R. 33-34.

### III. LEGAL STANDARD

#### A.  Standard of Review

This Court reviews the Commissioner's decision pursuant to 42 U.S.C. § 405(g),

providing the court the "power to enter, upon the pleadings and transcript of the record, a

judgment affirming, modifying, or reversing the decision of the Commissioner of Social

Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court

must uphold the Commissioner's factual findings where they are supported by "substantial

evidence." 42 U.S.C. § 405(g); *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

Substantial evidence is defined as "more than a mere scintilla," meaning "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Hagans v. Comm'r of

Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012). Therefore, if the ALJ's findings of fact are supported

by substantial evidence, the reviewing court is bound by those findings, even if it would have

made a different determination. *Id.* (citing *Fargnoli*, 247 F.3d at 38). The Court may not weigh

the evidence or substitute its own conclusions for those of the ALJ. *Chandler v. Comm'r of Soc.

Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

Remand is appropriate if the ALJ decision lacks adequate reasoning, *Fargnoli*, 247 F.3d

at 42, contains contradictory findings, *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 122

(3d Cir. 2000), or if the ALJ failed to conduct a complete review and explicitly weigh all

relevant, probative, and available evidence in the record, *Dobrowolsky v. Califano*, 606 F.2d 403,

407 (3d Cir. 1979). "Remand is not required where an error or oversight would not affect the

outcome of the case." *Kalb v. Comm'r of Soc. Sec.*, No. CV 17-5262 (JBS), 2018 WL 6716822, at

\*6 (D.N.J. Dec. 21, 2018)(citing *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005)).

**B. The Five-Step Disability Test**

A claimant's eligibility for social security benefits is governed by 42 U.S.C. § 1382. An

individual will be considered disabled under the Act if the claimant is unable "to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment" lasting continuously for at least twelve months. 42 U.S.C. § 423(d)(1)(A). To make

a disability determination, the ALJ follows a five-step sequential analysis. 20 C.F.R. §§

404.1520(a), 416.920(a). If the ALJ determines at any step that the claimant is not disabled, the

ALJ does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a). The regulation

describes the process as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4); *see also* 20 C.F.R. § 416.920(a)(4)(outlining an identical standard

for Title XVI applications).

### IV. DISCUSSION

Plaintiff raises two issues for the Court's consideration. First, Plaintiff contends that the

ALJ erred in his treatment of the medical opinion evidence of record. Pl.'s Br. 1-2. Second,

Plaintiff contends that the ALJ erred in finding Plaintiff's mental health impairments non-severe

at step two and further compounded the error by failing to incorporate limitations consistent with

the same in the RFC. Pl.'s Br. 1-2. The Court addresses each issue in turn.

### A. Erroneous Treatment of Medical Opinion Evidence of Record

9

In essence, Plaintiff argues that the ALJ's rejection of the medical opinion of Ms. Hawkins and Mr. Bidas, finding that same were less persuasive, was for the "wrong reasons" and lacked citation to contradictory evidence. Pl.'s Br. 12, 14. Plaintiff argues that the ALJ's failure to properly consider the opinions without a citation to medical evidence of record is remandable error. Pl.'s Br. 15. Plaintiff contends that the opinions of the TFS providers – noting, for example, Plaintiff's chronic worry, poor frustration tolerance, hypervigilance, mistrust of others, inability to interact with the public or maintain appropriate behavior, ease of agitation – were consistent with Plaintiff's testimony regarding trouble with concentrating, his build-up of emotion, and bouts with becoming short-tempered, causing him to lock himself away. Pl.'s Br. 14-15.

The Commissioner argues that the ALJ explains his findings that the opinions of Bidas and Hawkins were less than persuasive and substantial evidence supports the determination. Def.'s Br. 14-15. The Commissioner contends that the ALJ explained that the opinions were inconsistent with the medical evidence of record which did not reveal use of psychotropic medications, frequent and regular sessions of psychotherapy, or frequent and extended psychiatric hospitalizations. Def.'s Br. 14. The ALJ also noted that Bidas's opinion finding Plaintiff had marked/extreme deficits was not supported by an adequate explanation, given Plaintiff's prior denial of psychiatric symptoms and the short duration of Plaintiff's treatment with Bidas. Def.'s Br. 14-15.

"The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8. Medical opinions for claims filed on or after

March 27, 2017, are evaluated pursuant to 20 C.F.R. sections 404.1520c and 416.920c. To

determine the persuasiveness of a medical opinion, the ALJ evaluates its supportability and

consistency – the two most important factors – in addition to the relationship between the source

and the claimant, any relevant specialization of the source, and other facts, like familiarity of the

source with other evidence in the claim or with the policies and evidentiary requirements of the

disability program. *Id.* §§ 404.1520c(a), (b)(2), (c)(1)-(5), 416.920c(a), (b)(2), (c)(1)-(5). "With

respect to supportability, '[t]he more relevant the objective medical evidence and supporting

explanations presented by a medical source are to support his or her medical opinion(s),' the

more persuasive such opinion will be. In terms of consistency, a medical opinion will be more

persuasive when it is consistent 'with the evidence from other medical sources and nonmedical

sources in the claims.'" *B.K. v. Comm'r of Soc. Sec. Admin.*, No. CV 21-5732 (RMB), 2022 WL

1718047, at *4 (D.N.J. May 27, 2022)(internal citations omitted).

Here, the ALJ considered the record evidence and explained the reasons for his finding

that the opinions of Bidas and Hawkins were less than persuasive. Reading the opinion as whole,

the ALJ properly supports and explains that the opinions were inconsistent with the medical

records because, apart from Bidas's and Hawkins's opinions, the record does not reflect a

medical history supporting the findings reported by Bidas and Hawkins. Specifically, Plaintiff

does not take medication to alleviate his mental health impairments, he does not have a history of

attending therapy prior to August 2019 (three months prior to the hearing before the ALJ), and he

has not been hospitalized in connection with his mental impairments. Moreover, the ALJ's

reference to the short duration of treatment with Bidas and Hawkins is relevant because the

length of the treatment relationship is a factor for the ALJ to consider in determining the

persuasive nature of their opinions. 20 C.F.R. §§ 404.1520c(c)(3). It is reasonable for the ALJ to find an opinion rendered after a three-month treatment relationship (occurring around the same time as the hearing), in conjunction with the dearth of objective and other medical records reflecting Plaintiff's struggles with these conditions, less persuasive.

Additionally, Plaintiff contends that the ALJ took issue with Bidas's findings that Plaintiff had marked or extreme deficits in his ability to interact with others and in concentration, persistence, or pace. This particular section only required Bidas to check a box and did not contain a separate area to explain the findings. The ALJ explained that past medical examinations have consistently noted that Plaintiff was alert and oriented to place, time, and person, A.R. 514, 526, 536, 545, 558, 569-70, 580, and that Plaintiff denied "grappling with psychiatric symptoms", A.R. 19; A.R. 520 (Plaintiff denies anxiety or depression). Additionally, the ALJ pointed to further inconsistencies in the record evidence reflecting Plaintiff's report that he did not have problems getting along with others, could pay attention for long periods of time, and could follow written and spoken instructions. A.R. 22. The ALJ also noted inconsistency with the fact that Plaintiff cares for his one-year-old grandson Monday through Friday. A.R. 32. Despite Plaintiff's argument to the contrary, it is reasonable to find that the care of a toddler five days a week exceeds a mere sporadic or transitory activity. Pl.'s Reply Br. 2. Finally, the ALJ found, considering record evidence, that Plaintiff was either not limited or mildly limited in assessing the same areas of function evaluated by Bidas. A.R. 19-20, 33. The ALJ adequately explained his reasons and cited to record evidence to find the opinions of Hawkins and Bidas less persuasive

and this Court may not second guess same.[1]  The law is clear: "[t]his Court may not 'weigh the evidence or substitute its conclusions for those of the fact-finder.'" *Babice v. Comm'r of Soc. Sec.*, No. CV 16-06254-BRM, 2018 WL 6243045, at \*6 (D.N.J. Nov. 29, 2018). The Court finds no reversible error in the ALJ's treatment of the medical opinions.

### B. Error Regarding Plaintiff's mental health impairments non-severe

Plaintiff argues that the ALJ erred by failing to consider Plaintiff's mental health impairments severe at step two and failed to include limitations secondary to those impairments in the RFC. Pl.'s Br. 16-20. The Commissioner argues that the ALJ considered Plaintiff's non-severe mental impairments when formulating the RFC, the ALJ simply did not find Plaintiff's RFC more limited due to the same. Def.'s Br. 15-17.

At Step Two, the ALJ must determine whether the claimant suffers from a severe impairment or a combination of impairments that meets the duration requirement found in the regulations to constitute a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.902(c). To be found severe, an impairment, or combination of impairments, must significantly limit a claimant's physical or mental ability to do basic work activities, including *inter alia* "'[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling.'"   *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citing 20 C.F.R.

---

[1]  Plaintiff has not pointed the Court to language in the new regulations providing that the ALJ must have a contradictory medical opinion to find another medical opinion less persuasive. It is apparent that the ALJ has reviewed and relied upon the medical evidence of record. For instance, the ALJ referenced that Plaintiff has been alert, oriented to time, place and, person, and denied "grappling with psychiatric symptoms when he presented for examination." These facts are derived from the medical evidence of record. At the same time, the ALJ did not ignore medical evidence like Dr. Mahamitra's note that while Plaintiff did not exhibit a depressed mood, he appeared anxious and agitated during a visit. The Court may not set aside the ALJ's decision merely because it may have decided the inquiry differently. *Fargnoli*, 247 F.3d at 38.

§§ 404.1520(c), 416.920(c), 404.1521(a), 416.921(a), 404.1521(b)(1), 416.921(b)(1)). "When an

ALJ finds that the claimant has at least one severe impairment, omission of another at step two

may be harmless error as long as the impairment is considered regarding the RFC or would not

affect the outcome of the case." *Richardson v. Comm'r of Soc. Sec.*, No. CV 16-8279 (KM),

2017 WL 6550482, at *5 (D.N.J. Dec. 22, 2017) (citing *Salles v. Comm'r of Soc. Sec.*, 229 F.

App'x 140, 145 n.2 (3d Cir. 2007)).

Here, even if the ALJ erred in finding Plaintiff's mental health impairments severe at step

two, the ALJ considered the mental health impairments at the RFC stage. This is clearly

distinguishable from the *Friday* case citied by Plaintiff where the court there found that the ALJ

in that case wholly failed to consider or address select impairments – migraines, headaches, and

TMJ – in formulating the RFC despite well-developed medical records relating to the

impairments. *Friday v. Comm'r of Soc. Sec.*, No. 1:20-CV-04504-NLH, 2021 WL 3879081, at *2

(D.N.J. Aug. 31, 2021). Like *Friday*, the ALJ here found Plaintiff's mental impairments non-

severe, however unlike *Friday*, the ALJ, on four separate pages of the decision addressing the

RFC, considered Plaintiff's generalized anxiety and intermittent explosive disorders in the RFC

determination. *See* A.R. 22-23, 32-33. The ALJ ultimately determined, however, that Plaintiff

had no more than mild limitations in mental functioning due to these impairments. A.R. 19-20,

33. Thus, the ALJ did not accept these claimed limitations for purposes of the RFC. *D.C. v.*

*Comm'r of Soc. Sec.,* No. CV 20-2484 (RBK), 2021 WL 1851830, at *5 (D.N.J. May 10,

2021)("Where the ALJ concludes that a claimant's deficiency is 'so minimal or negligible that ...

it would not limit her ability' to perform required work tasks, the ALJ may exclude that

deficiency or limitation from the RFC without error."). Thus, here, where the ALJ considered all

relevant evidence (and adequately explained the decision not to consider or provide greater

credence to certain evidence), provided an analysis of the medically determinable impairments

from which Plaintiff suffered, and considered same in its assessment of the RFC, it is not within

the province of this Court to second guess the ALJ's determinations. The Court finds no

reversible error.

### V. CONCLUSION

For the reasons set forth above, the ALJ's decision is affirmed. An accompanying Order

will be entered.

Dated: June 30, 2022                                    s/ Karen M. Williams
                                                        KAREN M. WILLIAMS
                                                        United States District Judge

15